UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIELLE J., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00155-TAB-JRS |
| | ) |
| MARTIN O'MALLEY Acting Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Danielle J. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues that the Administrative Law Judge failed to adequately account for her mental impairments, and that the ALJ's subjective symptoms evaluation did not properly consider her medication side effects and improperly equated her ability to care for her child with an ability to engage in full-time work.  However, contrary to Plaintiff's arguments, the ALJ carefully considered the treatment record, medical opinion evidence, prior administrative medical findings, and Plaintiff's testimony and appearance at the hearing in finding the evidence did not support mental limitations in Plaintiff's residual functional capacity.  In addition, the ALJ properly considered Plaintiff's medication side effects and inconsistent statements and reasonably found those statements not entirely consistent with the medical evidence and other evidence in the record.  Accordingly, Plaintiff's request for remand [Filing No. 12] is denied.

**II.    Background**

On November 3, 2021, Plaintiff protectively filed a Title II application for supplemental security income, alleging disability beginning on October 1, 2021.  The SSA denied Plaintiff's claims initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 3, 2021, the application date.  At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity; bilateral knee degenerative joint disease; lumbar spine degenerative disc disease; and rheumatoid arthritis.  [Filing No. 9-2, at ECF p. 13.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.  Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations.  The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can never climb ladders, ropes, or scaffolds.  She can never kneel, crouch, or crawl.  She can occasionally climb ramps and stairs, balance, and stoop.  She can occasionally reach overhead, forward, and to the side.  She can occasionally push/pull.  She can handle, finger, and feel frequently.  She is limited to work that can be performed on even terrain.  No exposure to slippery wet surfaces.  No exposure to extreme cold/heat, wetness, or humidity.  No exposure to vibrations.  She must avoid all use of hazardous moving machinery and exposure to unprotected heights.  No job where driving or operation of motorized vehicles is required to perform functions of the job.

[Filing No. 9-2, at ECF p. 15.]

At step four, the ALJ concluded that Plaintiff has no past relevant work. Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a case aide. [Filing No. 9-2, at ECF p. 19.] Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.  Discussion

Plaintiff argues that the ALJ erroneously ignored evidence of limitations to Plaintiff's mental functioning and in considering her subjective symptom assessment. The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

3

      A.      **Mental functioning**

Plaintiff argues that in evaluating the severity of her impairments, the ALJ ignored significant evidence of more profound mental limitations, including agoraphobia. The ALJ found Plaintiff had severe impairments including obesity, bilateral knee degenerative joint disease, lumbar spine degenerative disc disease, and rheumatoid arthritis. [Filing No. 9-2, at ECF p. 13.] She also found Plaintiff had non-severe impairments including generalized anxiety disorder, social anxiety, PTSD, persistent depressive disorder, histrionic personality disorder, alcohol use disorder, and cannabis use disorder. [Filing No. 9-2, at ECF p. 13.] Under the "paragraph B criteria" for evaluating mental disorders, the ALJ found Plaintiff had no limitation in understanding, remembering, or applying information; mild limitation in interacting with others; mild limitation regarding concentrating, persisting, or maintaining pace; and no limitation adapting or managing oneself. [Filing No. 9-2, at ECF p. 14.]

Plaintiff claims she consistently reported difficulties and had been diagnosed with agoraphobia. [Filing No. 12, at ECF p. 13-14.] However, the records cited by Plaintiff indicate that she self-reported she suffered from agoraphobia in September 2021 [Filing No. 9-7, at ECF p. 106] and March 2022 [Filing No. 9-8, at ECF p. 106], and providers repeated that diagnosis in treatment notes on only four occasions after that. [Filing No. 9-7, at ECF p. 82, 92, 102, 107.] This contradicts Plaintiff's argument that she was consistently diagnosed with the impairment. Moreover, the mere diagnosis or existence of a medical condition does not establish the severity of an impairment. *See, e.g., Wilhelm v. Berryhill*, No. 1:17-cv-22, 2017 WL 5248285, at *5 (N.D. Ind. Nov. 13, 2017) ("It is well established that the determinative issue in disability adjudication is the functional impact of a condition; a mere diagnosis or examination note does not establish the severity of an impairment."); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir.

4

2004) ("The issues in the case is not the existence of these various conditions of [the plaintiff] but their severity and, concretely, whether, as she testified with corroboration by her husband, they have caused her such severe pain that she cannot work full time."). Plaintiff does not point to any evidence the ALJ overlooked indicating her alleged agoraphobia caused functional limitations.

Rather, the ALJ adequately considered Plaintiff's mental status examination findings, the findings from the consultative examiner, and Plaintiff's subjective reports throughout the decision in evaluating the severity of Plaintiff's mental impairments, including social anxiety, and in formulating Plaintiff's RFC. Plaintiff cited numerous treatment records documenting her own subjective complaints to support her argument that the ALJ did not adequately consider agoraphobia. However, Plaintiff failed to explain why those findings or subjective reports compel greater limitations than those found in the decision. *See, e.g., Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (noting that a court "will reverse only if the record compels a contrary result. The record in this case by no means does so." (Internal citation and quotation marks omitted)). And to the extent that the ALJ failed to discuss every piece of evidence in evaluating Plaintiff's impairments, "[a]n ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

The ALJ considered Plaintiff's subjective reports, the consultative examination from Dr. Mary M. Kadlec, mental status examinations, and Plaintiff's behavior during the hearing, and reasonably found that Plaintiff's medically determinable impairments caused no more than a mild rating in any of the four broad areas of mental functioning and were non-severe. In addition, the ALJ considered all of Plaintiff's impairments in evaluating Plaintiff's RFC, even those that were

non-severe. The ALJ's conclusion that Plaintiff's medically determinable impairments caused no more than mild ratings is consistent with the findings from state agency psychological consultants William A. Shipley and Joelle J. Larsen. [Filing No. 9-2, at ECF p. 14; Filing No. 9-3, at ECF p. 5-6, 6-7, 13-14.] The ALJ found those opinions persuasive. [Filing No. 9-2, at ECF p. 17.] Both consultants concluded that Plaintiff had no more than mild impairment in any area of mental functioning, and they did not find any work-related limitations. [Filing No. 9-3, at ECF p. 6, 14.] Plaintiff does not allege that the ALJ should have found these findings less persuasive, nor does she allege any error in the evaluation of these findings. *See, e.g., Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) ("Based on this evidence, the ALJ reasonably determined that Morales's mental limitations were mild and did not warrant or require any functional limitations.").

While Plaintiff claims the ALJ should have provided an explanation as to why her RFC does not include any work-related mental limitations, the ALJ discussed Plaintiff's mental functioning in this portion of her decision and explicitly stated that "such evidence does not support any mental functioning limitations[.]" [Filing No. 9-2, at ECF p. 18.] The ALJ further noted, as an example, that during the hearing Plaintiff was able to provide information about her personal and medical histories, answered questions appropriately without any significant problems, did not engage in any significant unusual behaviors or inappropriate interactions, was polite when addressing the ALJ, and maintained her concentration fairly well without requiring consistent significant redirection. [Filing No. 9-2, at ECF p. 18.] Moreover, throughout the ALJ's decision, the ALJ discussed Plaintiff's mental health examination findings and treatment, including at step two, where the ALJ noted that medical records did not show that Plaintiff was

6

consistently observed to have significant memory, understanding, interaction, concentration, or hygiene problems at medical appointments. [Filing No. 9-2, at ECF p. 14.]

The ALJ also considered the March 2022 findings from consultative examiner Dr. Kadlec, which indicated that Plaintiff performed well on the mental status exam tasks, including that she recalled seven digits forward and six backward, correctly solved five of six basic arithmetic problems, and provided 10 responses in 60 seconds with only one error during serial sevens. [Filing No. 9-2, at ECF p. 14.] Dr. Kadlec found Plaintiff had only a slightly impaired ability to sustain concentration and persistence with a few problems being able to concentrate and persist on job responsibilities, but no problems recalling information or demonstrating social reciprocity. [Filing No. 9-2, at ECF p. 14, 18.] Dr. Kadlec's opinion is substantial evidence supporting the ALJ's decision, and Plaintiff does not allege any error in the ALJ's evaluation of Dr Kadlec's opinion. Thus, any such argument is forfeited. *See, e.g., Sansone v. Brennan*, 917 F.3d 975, 983 (7th Cir. 2019) (arguments not raised and supported are forfeited).

Plaintiff claims that the ALJ erred by failing to incorporate adequate limitations to accommodate her anxiety disorder with agoraphobia in her RFC, speculating that her impairments cause disabling levels of social interaction limitations, absenteeism, and off task behavior. [Filing No. 12, at ECF p. 19.] However, as explained above, the ALJ explicitly considered Plaintiff's mild mental impairments and made a reasoned judgment that those impairments did not cause work-related mental restrictions. The ALJ's decision is supported by substantial evidence, and Plaintiff's arguments amount to no more than an improper request to reweigh that evidence to reach a different conclusion. Thus, these arguments do not warrant remand.

B. **Subjective symptom assessment**

Plaintiff also claims that the ALJ failed to properly address her subjective symptoms and that the ALJ erroneously concluded Plaintiff's statements were less consistent with the objective evidence without adequately addressing the factors in SSR 16-3p. [Filing No. 12, at ECF p. 21-23.] The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. [Filing No. 9-2, at ECF p. 16.] In support, the ALJ included a summary of the medical evidence of record. However, Plaintiff argues that it is not an accurate depiction of the record. [Filing No. 12, at ECF p. 21.]

The regulations describe a two step-process for evaluating a plaintiff's subjective symptoms. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain"; and second, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (internal citations omitted). "[The Court] will overturn the ALJ's evaluation of a claimant's subjective symptoms only if it is patently wrong, which means that the decision lacks any explanation or support." *Hess v. O'Malley*, 92 F.4th 671, 679 (7th Cir. 2024) (internal citation and quotation marks omitted).

First, Plaintiff takes issue with the ALJ's analysis of her treatment and medications. Plaintiff claims that she reported medication side effects to her treating doctors throughout the record and argues that the ALJ did not properly evaluate this evidence. The ALJ stated:

> Regarding treatment and medications, the claimant's treatment has included multiple medications and injections, which based on the above and activities of daily living, seem to have largely controlled and stabilized her symptoms; she reported some medication side effects, including drowsiness. The medical records do not show that she consistently complained of medication side effects at medical appointments and asked about alternative treatment; further, she was generally noted to be alert at medical appointments. In her function report, the claimant did not report using any assistive devices, such as a brace or cane, other than glasses, a heating pad, compression wraps, and a heated blanket.

[Filing No. 9-2, at ECF p. 16-17.] Thus, in evaluating Plaintiff's subjective complaints, the ALJ reasonably found that Plaintiff reported some medication side effects, including drowsiness, but the record did not show that she consistently complained of side effects. [Filing No. 9-2, at ECF p. 16-17.] The ALJ reasonably acknowledged that Plaintiff sometimes reported side effects, but concluded that Plaintiff did not indicate they were a consistent concern. As noted above, an ALJ is "subject to only the most minimal of articulation requirements. An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. Plaintiff disagrees with the ALJ's interpretation of the record, but the Court cannot reweigh the evidence. *See, e.g., Burmester*, 920 F.3d at 510. Plaintiff failed to demonstrate that the ALJ's evaluation of her medication side effects was inaccurate or that her occasional complaints compelled additional limitations in the RFC.

Plaintiff also takes issue with the ALJ's finding that she was generally noted to be alert at medical appointments. Plaintiff says that the ALJ cited "only" the consultative examination to support this argument. [Filing No. 12, at ECF p. 22.] Plaintiff generally points out that she

9

regularly reported difficulties with sleep and fatigue, and not just from medication side effects. [Filing No. 12, at ECF p. 22.] However, Plaintiff does not allege any specific errors in the ALJ's evaluation of her alleged difficulties with sleep and fatigue. The ALJ's decision reflects reasonable consideration of observations from Plaintiff's providers of alertness on examination in the context of evaluating medication side effects, including drowsiness, and generally noting Plaintiff was alert at medical appointments. [Filing No. 9-2, at ECF p. 16-17.] Plaintiff may disagree with the ALJ's interpretation of this evidence or wish the ALJ drew different conclusions, but the Court cannot re-weigh the evidence and instead defers to the ALJ's conclusions, which were not patently wrong. *See, e.g., Zoch v. Saul*, 981 F.3d 597, 901 (7th Cir. 2020) ("We do not decide questions of credibility, deferring instead to the ALJ's conclusions unless patently wrong." (Internal citation and quotation marks omitted)).

Plaintiff further claims that the ALJ erred by equating her ability to perform basic household work and childcare with the ability to hold a job. [Filing No. 12, at ECF p. 22-23.] The ALJ contrasted Plaintiff's testimony that she experiences such extreme anxiousness that she will not check her mail with her testimony that she walked[1] her daughter to school. In doing so, the ALJ did not equate Plaintiff's ability to perform full-time work with her ability to care for her daughter. Instead, the ALJ reasonably identified Plaintiff's inconsistent statements regarding her inability to leave her house that tended to show Plaintiff was more capable than she alleged. *See, e.g., Green v. Saul*, 781 Fed. App'x 522, 526 (7th Cir. 2019) ("ALJs are tasked with reviewing the evidence provided and assessing whether a claimant is exaggerating the effects of her

---

[1] Plaintiff notes that she made the walk with difficulty and with breaks. [Filing No. 12, at ECF p. 23.] However, her hearing testimony indicates that Plaintiff took breaks due to her physical restrictions, not her mental impairments. [Filing No. 9-2, at ECF p. 43.] The ALJ was simply contrasting Plaintiff' statements regarding her ability to leave the house. [Filing No. 9-2, at ECF p. 17.]

10

impairments, and reviewing daily activities is an important part of that evaluation"). Once again, Plaintiff essentially argues that the ALJ should have weighed evidence differently. Plaintiff's investigation to reweigh the evidence is rejected, and remand is not warranted.

**IV.     Conclusion**

 For these reasons, Plaintiff's request for remand is denied.  [Filing No. 12.]

Date: 9/10/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email